IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHRISTOPHER TYLER LONG,**
**CHRISTOPHER EMMETT LONG,**
**and EDY LONG,**

        Plaintiffs,

v.                                                CIVIL ACTION NO: 3:13-CV-65
                                                     (JUDGE GROH)

**M&M TRANSPORTATION, LLC;**
**MILLER & SONS AUTO AND TRUCK**
**REPAIR, INC.; KEVIN E. MILLER;**
**KENNETH ANDREW MILLER, JR.;**
**and PEGGY MILLER;**

        Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO EXTEND DEADLINE TO RESPOND TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

The above-styled matter came before the Court for consideration of the Plaintiffs' Unopposed Motion to Extend Deadline to Respond to Defendant's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. 40]. The Plaintiffs ask that they have until January 7, 2013 to file their response to the Defendants' motion. They support this motion only by noting that it is the holiday season.

All Defendants except for Miller & Sons Auto and Truck Repair, Inc. filed a Motion for Partial Judgment on the Pleadings on November 27, 2013 [Doc. 30]. Under Local Rule of Civil Procedure 7.02(b)(1), responses to motions other than those seeking summary judgment must be filed within fourteen days of the date that the motion was served. Where, as here, service is made electronically, three days are added to this period. **FED. R. CIV. P.** 6(d); **FED. R. CIV. P.** 5(b)(2)(E). When the due date falls on a Saturday, the

deadline is extended to the next day that is not a weekend day or legal holiday. **FED. R. CIV. P.** 6(a)(1)(C). The Plaintiffs therefore had until December 16, 2013 to respond to the Defendants' motion.

Because the Plaintiffs moved for additional time to respond to the Defendants' motion after the deadline to do so passed, the Court may grant the motion only if it finds that the Plaintiffs "failed to act because of excusable neglect." **FED. R. CIV. P.** 6(b)(1)(B). Excusable neglect "is not easily demonstrated." ***Thompson v. E.I. DuPont de Nemours & Co.***, 76 F.3d 530, 534 (4th Cir. 1996). The Fourth Circuit has explained the analysis that courts undertake to determine whether excusable neglect exists:

> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

***Bredell v. Kempthorne***, 290 F. App'x 564, 565 (4th Cir. 2008) (quoting ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship***, 507 U.S. 380, 395 (1993)); *see also* ***Gilyard v. Northlake Foods, Inc.***, 367 F. Supp. 2d 1008, 1010 (E.D. Va. 2005). The reason for the movant's failure to timely file is the most important factor in this analysis. ***Bredell***, 290 F. App'x at 565 (citing ***Thompson***, 76 F.3d at 534). Courts in the Fourth Circuit have found that a busy schedule does not justify finding excusable neglect. *See, e.g.*, ***Key v. Robertson***, 626 F. Supp. 2d 566, 577 (E.D. Va. 2009); ***Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.***, No. CIVA 3:06CV264, 2006 WL 1720681, at *4-5 (E.D. Va. June 20, 2006).

Here, the weakness of the reason for the delay overrides any tendency that the other factors may have toward showing excusable neglect. The Plaintiffs have only asserted–without further elaboration– that it is the holiday season. It is unclear that the holidays in any way caused the Plaintiffs to miss the response deadline; in fact, the Plaintiffs do not even acknowledge that their response is untimely. Even so, though the holidays may have made the Plaintiffs' schedules busier, a busy schedule does not rise to the level of excusable neglect. See, e.g., **Key**, 626 F. Supp. 2d at 577; **Eagle Fire, Inc.**, 2006 WL 1720681, at *4-5. That is particularly the case here because the holidays are entirely within the Plaintiffs' control to plan around as they occur at the same time every year. Accordingly, the Court does not find excusable neglect and **DENIES** the Plaintiffs' Unopposed Motion to Extend Deadline to Respond to Defendant's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** December 27, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE